UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS STERLING LITTLE,

           Petitioner,

   v.

RONALD HAYNES,

           Respondent.

Case No. C20-1071-TSZ-MLP

ORDER

This is a federal habeas action filed under 28 U.S.C. § 2254. On March 31, 2021, Petitioner filed an "Ex Parte Motion for Intervention under Fed. R. Civil P. 24" ("Petitioner's Motion"). (Dkt. # 56.) Petitioner's Motion requests that the Court intervene due to Petitioner allegedly being threatened by Stafford Creek Corrections Center ("SCCC") prison staff that they would not deliver legal documents sent to him by the Court and for "retaliating against me for exercising my [First] Amendment right." (*Id.* at 1.)

Federal Rule of Civil Procedure 24 does not permit the relief sought by Petitioner. Instead, Rule 24 authorizes an outside third-party, and not the Court, to intervene and become a party in an action through the procedures of intervention identified in the rule as a matter of right or through the Court's permission. *See* Fed. R. Civ. P. 24. Moreover, it appears Petitioner's

ORDER - 1

Motion is attempting to raise a First Amendment access to courts claim concerning how his legal access is currently functioning at SCCC. If Petitioner seeks to present a First Amendment access to courts claim to this Court, he may not do so in the instant habeas action and must instead do so by filing a separate civil rights action under 42 U.S.C. § 1983.[1]

Accordingly, Plaintiff's Motion (dkt. # 56) is DENIED. Should Petitioner experience any delays in receiving materials specific to this case, and if those delays impede his ability to meet deadlines pending in this action, Petitioner may submit specific requests for relief from those deadlines.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 1st day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] Any claims Petitioner might seek to raise in a § 1983 action concerning a potential access to courts claim must first be exhausted through SCCC's administrative process prior to bringing a § 1983 action. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Woodford v. Ngo,* 548 U.S. 81, 85 (2006) accord, *Jones v. Bock,* 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act]"); *Albino v. Baca,* 747 F.3d 1162, 1165 (9th Cir. 2014) (en banc).

ORDER - 2