UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS STERLING LITTLE,

          Petitioner,

   v.

RONALD HAYNES,

          Respondent.

Case No. C20-1071-TSZ-MLP

ORDER

## I.  INTRODUCTION

This is a federal habeas action filed under 28 U.S.C. § 2254. Currently before the Court are four pending motions filed by Petitioner: (1) Motion for Discovery (dkt. # 43); (2) Motion for Summary Judgment (dkt. # 44); (3) Motion for Sanctions (dkt. # 46); and (4) Motion to Appoint Counsel (dkt. # 55) ("Petitioner's Motions"). Respondent has filed responses to all of Petitioner's Motions except for his Motion to Appoint Counsel. (Dkt. ## 45, 49, 50.) As discussed below, the Court DENIES Petitioner's motions.

## II.  DISCUSSION

**A.**    **Motion for Discovery (dkt. # 43)**

Petitioner's Motion for Discovery requests "good cause" discovery in order to obtain documents and medical testing pertaining to his underlying conviction, including: (1) all

ORDER - 1

handwritten CPS case notes from April 29, 2013, specifically "Ana Meijia's original notes that were the alleged premise for probable cause prior to an arrest being made"; (2) all misconduct reports from Seattle Police Detective Leslie Smith; and (3) DNA testing of A.M., H.M., and J.M. (Dkt. # 43 at 1-2.) Petitioner argues that "these documents are pertinent to my claims and a necessary part of expanding the record . . . ." (*Id.* at 2.) Respondent argues that the Court should deny the motion because Petitioner fails to show good cause for his requested discovery. (Dkt. # 45 at 1.)

Rule 6(a) of the Rules Governing Section 2254 Cases provides the Court may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. The Supreme Court has previously established that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery is properly limited in habeas corpus actions because it "is not the trial itself but a collateral attack upon a standing conviction." *Austad v. Risley*, 761 F.2d 1348, 1355 n.4 (9th Cir. 1985). In addition, the Ninth Circuit has stated that, in the context of habeas litigation, trial courts "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Absent a showing of good cause, the Court should deny a motion for leave to conduct discovery. *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999); *see also Stahl v. Haynes*, 2020 WL 5632510, at *1 (W.D. Wash. Sept. 21, 2020). To show good cause, the petitioner must set forth specific facts showing discovery is appropriate in the particular case. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994) (citing *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987)). Accordingly, "[w]here specific allegations before the court show reason to believe that

ORDER - 2

1  the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled
2  to relief, it is the duty of the court to provide the necessary facilities and procedures for an
3  adequate inquiry." *Bracy,* 520 U.S. at 908-09 (quoting *Harris v. Nelson,* 394 U.S. 286, 300
4  (1969)).

5        Based on the record before the Court, Petitioner fails to demonstrate good cause for
6  discovery. Here, Petitioner fails to provide specific allegations showing reason to believe that, if
7  the facts addressed in his discovery requests are fully developed, he may be entitled to habeas
8  relief based on the claims raised in his habeas petition. *See Bracy,* 520 U.S. at 908-09. Petitioner
9  has identified several pieces of evidence regarding his underlying conviction that it appears he
10 believes would be helpful to his habeas proceedings, but Petitioner does not directly explain nor
11 demonstrate how discovery would specifically assist him with grounds raised in his habeas
12 petition. (*See* dkt. # 43 at 1-2.) Moreover, to the extent Petitioner seeks discovery to "expand"
13 the factual record for claims addressed in his habeas petition, this Court's review of the state
14 court's adjudication of his claims under 28 U.S.C. § 2254(d) is limited to the record that was
15 before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S.
16 170, 181 (2011). Therefore, Petitioner's Motion for Discovery (dkt. # 43) is denied.

17       **B.**    **Motion for Summary Judgment (dkt. # 44)**

18       Next, Petitioner seeks summary judgment on the claims identified in his habeas petition
19 "due to Respondent's failure to dispute the material facts and evidence raised in my claims. . . ."
20 (Dkt. # 44 at 1.) The Rules Governing Section 2254 Cases "contemplate an answer and reply [to
21 the Petition] (Rule 5), an evidentiary hearing in some cases (Rule 8), and the entry of an order
22 with or without a certificate of appealability (Rule 11)[.]" *Kravetz v. Obenland*, 2019 WL
23 2502175, at *2 (W.D. Wash. June 17, 2019) (citing *Gussner v. Gonzalez*, 2013 WL 458250, at

ORDER - 3

*3 (N.D. Cal. Feb. 5, 2013). The Rules Governing Section 2254 Cases "do not contemplate either a trial or an additional set of briefing or hearing, and summary judgment motions add an unnecessary step in resolving habeas cases." *Id.* (internal quotations omitted). Consequently, "motions for summary judgment are inappropriate in federal habeas proceedings." *Id.* (citing *Kornfeld v. Puentes*, 2019 WL 1004578, at *1 (E.D. Cal. Mar. 1, 2019)).

Petitioner's Motion for Summary Judgment is not necessary nor appropriate in order to adjudicate claims already presented by Petitioner in his habeas petition. The Court will address whether Petitioner is entitled to habeas relief in adjudicating his habeas petition in its forthcoming Report and Recommendation, and not in a separate motion for summary judgment. Petitioner's Motion for Summary Judgment (dkt. # 44) is denied.

C.      **Motion for Sanctions (dkt. # 46)**

Petitioner's Motion for Sanctions requests this Court to impose sanctions on Respondent pursuant to Federal Rule of Civil Procedure 11(b) and the Equal Access to Justice Act ("EAJA") (Dkt. # 46.) Petitioner alleges Respondent failed to include a number of documents in filing the state court record in this matter, specifically: (1) a copy of Petitioner's reply brief from his direct appeal; (2) two statements of additional authorities previously submitted by Petitioner in the state court appellate record, and (3) a reply brief filed by Petitioner in a motion for relief from judgment previously filed in the trial court. (*Id.* at 1-2.) Petitioner additionally requests that this Court award him attorney fees as a sanction under Rule 11 and EAJA. (*Id.* at 3.) Respondent counters that the Court should deny the motion because Petitioner failed to comply with the procedural requirements of Rule 11, Respondent complied with Rule 5 of the Rules Governing Section 2254 Cases in submitting the state court record, and because Petitioner cannot receive attorney fees as a *pro se* litigant. (Dkt. # 50 at 2.)

ORDER - 4

Based off Respondent's representations in his response, Petitioner failed to comply with the procedural requirements of Rule 11 because he did not confer or provide Respondent a copy of his Motion for Sanctions before filing it with the Court. (*See* dkt. # 50 at 2-3.) Federal Rule of Civil Procedure 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Accordingly, Rule 11(c) requires "notice and a reasonable opportunity to respond" and a "safe harbor" of 21 days to correct any alleged violations be afforded to the alleged offending party. Fed. R. Civ. P. 11(c)(1)-(2); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). As such, because Petitioner did not follow this procedural requirement, he is unable to receive sanction relief on the basis of Rule 11(b).

In any event, Petitioner's Motion for Sanctions is unsupported. It appears from the record that Respondent's submission of the state court record complied with the requirements of Rule 5 of the Rules Governing Section 2254 Cases. Contrary to Petitioner's argument, Respondent submitted a copy of Petitioner's reply brief filed on direct appeal with the state court record. (*See* dkt. # 25-1 at 168-92.) Furthermore, Rule 5 requires Respondent to submit only copies of the briefs, orders, and decisions from Petitioner's state appellate court proceedings and to identify any available transcripts. Respondent was therefore not required to submit Petitioner's two statements of additional authorities because the documents were not copies of briefs, orders, or decisions from Petitioner's state appellate court proceedings.

ORDER - 5

Finally, given Respondent's representation in his response, Respondent did not receive a copy of Petitioner's reply brief filed in support of his motion for relief from judgment in the trial court when Respondent received the records comprising the state court record from the Washington Court of Appeals. (Dkt. # 50 at 5.) However, this reply brief has since been submitted by Petitioner with his Motion for Sanctions. (Dkt. # 46, Ex. C at 36-43.) As noted previously, because Petitioner failed to confer with Respondent prior to filing his Motion for Sanctions, he is unable to seek sanctions on this claim pursuant to Rule 11. Petitioner's Motion for Sanctions (dkt. # 46), along with his requested attorney's fees request under EAJA, is denied.

### D.     Motion to Appoint Counsel (dkt. # 55)

Finally, Petitioner requests that the Court appoint him counsel in this matter. (Dkt. # 55.) Petitioner's Motion to Appoint Counsel did not submit any reasons why counsel should be appointed in this case outside of a single sentence request that counsel be appointed. (*See id.* at 1.) Respondent did not file a response to Petitioner's Motion to Appoint Counsel.

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the [petitioner] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328,

1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, based on the record in this case and the claims raised in Petitioner's habeas petition, the Court finds appointment of counsel is not appropriate at this time. Petitioner's Motion to Appoint Counsel fails to make any argument or showing demonstrating that he is likely to prevail on the merits of his habeas petition. Furthermore, the complexity of the legal issues presented in this case, and Petitioner's ability to articulate his claims, do not constitute exceptional circumstances to justify the appointment of counsel. Petitioner has made arguments and submissions to the Court that suggest he is able to adequately articulate his claims *pro se*. Therefore, Petitioner's motion to appoint counsel (dkt. # 55) is denied.

### III. CONCLUSION

Accordingly, the Court DENIES Petitioner's Motions (dkt. ## 43, 44, 46, 55). The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 12th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7