1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8

9

10

NICHOLAS STERLING LITTLE,

Petitioner,

v.

RONALD HAYNES,

Respondent.

C20-1071 TSZ

ORDER

11

12

13

14

15

16

17

18

THIS MATTER comes before the Court on the Honorable Michelle Peterson's

Report & Recommendation ("R&R"), docket no. 59, recommending the dismissal of the

petition for a writ of habeas corpus ("Petition"), docket no. 6, brought under 28 U.S.C.

§ 2254 by Petitioner Nicholas Little, who is proceeding pro se.  Having reviewed all

papers filed in support of, and in opposition to, the R&R, including Petitioner's

objections thereto (docket no. 66), his amended objections thereto (docket no. 81),[1] and

the remaining record, the Court enters the following Order.

19

20

21

22

[1] The Court treats Petitioner's motion, docket no. 84, for an order to correct the filing date of certain documents as a motion for an extension.  The motion to extend the deadline, docket no. 84, to file amended objections to the R&R (docket no. 81) is GRANTED, and such objections are considered to be timely filed.  The motion to extend the deadline, docket no. 84, to file an amended motion for a certificate of appealability, docket no. 82, is DENIED as moot, as the Court has already denied the original motion for a certificate of appealability (docket no. 67) and will not consider any amended motion. *See* Minute Order (docket no. 73).

23

ORDER - 1

1  **Discussion**

2      **1.  Failure to Exhaust (First and Fourth Grounds)**

3          Petitioner objects to the R&R's conclusion that the first and fourth grounds for

4  relief identified in his Petition, docket no. 6, were not fairly presented to the Washington

5  Supreme Court for exhaustion purposes.  *See* R&R (docket no. 59 at 12–13).  Petitioner

6  maintains that his Petition for Review filed in the Washington Supreme Court ("State

7  Petition") sufficiently raised the first and fourth grounds for relief, citing *Davis v. Strack*,

8  270 F.3d 111, 122 (2d Cir. 2001) (concluding that even minimal references to the U.S.

9  Constitution presents federal constitutional claims to state courts).  *See* Am. Objections

10  (docket no. 81 at 5).

11          The Court adopts the R&R's conclusion that Petitioner failed to fairly present

12  these grounds for relief to the state courts in order to satisfy the exhaustion requirement.

13  Petitioner's first ground for relief is based on the state prosecutors' alleged failure to

14  disclose exculpatory evidence in violation of *Brady v. United States*, 373 U.S. 83, 87

15  (1963); and Petitioner's fourth ground for relief is based on newly discovered evidence

16  that allegedly exonerates him.  *See* Pet.'s Mem. ISO Petition, Ex. 3 to Petition (docket no.

17  6-3 at 5–8, 20–34).  Although Petitioner's State Petition cited federal authority in support

18  of the *Brady* claim, it failed to sufficiently identify the factual allegations, or cite to any

19  portion of the record, giving rise to this claim.  *See* State Petition, State Court Record, Ex.

20  9 (docket no. 29 at 36–37).  The State Petition does not raise *any* factual allegations or

21  legal assertions with respect to the newly discovered evidence claim.  *See id.* at 12–77.

22

23

ORDER - 2

1    Nor did the State Petition sufficiently "incorporate by reference" any relevant

2  arguments made in Petitioner's statement of additional grounds for review ("SAGR")—a

3  900-page document filed by Petitioner, pro se, in a Washington appellate court on direct

4  review; that document was not attached to the State Petition filed in the Washington

5  Supreme Court and was not fully considered by the appellate court, as it far exceeded the

6  50-page limit.  *See* SAGR, State Court Record, Ex. 6 (docket nos. 26–28); Division I

7  Opinion, State Court Record, Ex. 2 (docket no. 25-1 at 49).  A petitioner "does not 'fairly

8  present' a claim to a state court if that court must read beyond a petition or a brief (or a

9  similar document) that does not alert it to the presence of a federal claim." *Baldwin v.*

10 *Reese*, 541 U.S. 27, 32 (2004); *cf. Insyxiengmay v. Morgan*, 403 F.3d 657, 669 (9th Cir.

11 2005) (concluding a claim was "fairly presented" where it was included in the appendix

12 filed in the state appellate court, along with citations to specific authority and the relevant

13 parts of the record).

14    Petitioner also argues that his counsel did attach the SAGR to the State Petition,

15 but the record shows that the SAGR was not included as an appendix to the State

16 Petition.  *See* State Petition, State Court Record, Ex. 9 (docket no. 29 at 12–77).  Because

17 Petitioner does not otherwise challenge the R&R's failure-to-exhaust conclusions,[2] the

18

19

20 [2] Petitioner alternatively argues that if this Court finds that his former appellate counsel failed to fairly
   present the first and fourth grounds to the Washington Supreme Court, he "hereby make[s] an Ineffective
21 Assistance of Counsel claim."  Am. Objections (docket no. 81 at 5–6).  This argument, raised for the first
   time in Petitioner's objections, lacks any supporting evidence and is not properly before this Court for
22 purposes of resolving the Petition.

23

1  Court adopts the R&R's conclusions and reasoning that Petitioner failed to exhaust the

2  first and fourth grounds for relief, and such grounds are DISMISSED with prejudice.

3       **2.  Section 2254 Merits Review**

4         **a.  Right to Present Defense (Second Ground)**

5       Petitioner objects to the R&R's conclusion that the exclusion of "other suspect"

6  evidence violated his constitutional right to present a defense, reasoning that a "a blanket

7  rule that a defendant may not offer other suspect evidence is the type of arbitrary

8  expansion of exclusion that should be condemned."  Am. Objections (docket no. 81 at 4).

9  Petitioner also appears to object on the ground that he was unable to properly impeach or

10  cross-examine witnesses, although he does not specify which witnesses.  *See id.* at 4–5.

11       The R&R concludes that certain other-suspect evidence was reasonably excluded

12  by the trial court, a decision affirmed by the appellate court, because "the facts presented

13  by Petitioner did not sufficiently connect the victims' maternal grandfather [i.e., one of

14  the other suspects] to the abuse, and at most, only evidenced opportunity on the part of

15  the . . . grandfather"; the R&R further concludes that the state courts' decisions were not

16  contrary to, or did not involve an unreasonable application of, clearly established federal

17  precedent.  *See* R&R (docket no. 59 at 20–21).  The Court agrees.  There is simply no

18  indication in the state court record that the trial court excluded other-suspect evidence as

19  a blanket rule or violated Petitioner's right to cross-examine or offer evidence to impeach

20  any witnesses.  *See* Division I Opinion, State Court Record, Ex. 2 (docket no. 25-1 at 17–

21  22).  To the contrary, Petitioner cites to a portion of the trial transcript showing that

22  defense counsel did in fact elicit testimony that a different suspect was named at one

23

ORDER - 4

1  point during the investigation, and that defense counsel vigorously cross-examined the

2  minor witness on this point.  *See* Sept. 24, 2014, Trial Transcript, State Court Record,

3  Ex. 29 (docket no. 31 at 376–83) (defense counsel repeatedly questioning a minor

4  witness about whether she told her mother that the suspect was "Nick" (Petitioner) or

5  "Doug" (Petitioner's father)).  The Court adopts the R&R's conclusions with respect to

6  the second ground for relief, and that ground is DISMISSED with prejudice.

**b.      Ineffective Assistance of Counsel and Right to Testify (Third and Fifth Grounds)**

7
8       Petitioner makes general objections to the R&R's conclusions with respect to the

9  third and fifth grounds for relief but does not specify the nature of those objections.  *See*

10 Objections (docket no. 66); Am. Objections (docket no. 81).  The R&R correctly

11 concluded that Petitioner has failed to show that the appellate court's relevant rulings

12 were contrary to, or constituted an unreasonable application of, clearly established federal

13 law.  *See* R&R (docket no. 59 at 21–31).  The third and fifth grounds for relief are

14 DISMISSED with prejudice.

15 **Conclusion**

16       For the foregoing reasons, the Court ORDERS:

17    (1)    The R&R, docket no. 59, is ADOPTED;

18    (2)    The Petition, docket no. 6, and this action, are DISMISSED with prejudice;

19    (3)    A certificate of appealability is DENIED as to all claims;

20    (4)    Petitioner's motion to correct certain filing dates, docket no. 84, is treated

21 as a motion for an extension and is GRANTED in part, with respect to the amended

22
23

ORDER - 5

1  objections to the R&R (docket no. 81), and DENIED in part, as to the amended motion

2  for a certificate of appealability (docket no. 82); and

3          (5)      The Clerk is directed to enter Judgment consistent with this Order and to

4  send a copy of this Order and the Judgment to Petitioner, proceeding pro se, Judge

5  Peterson, and all counsel of record.

6          IT IS SO ORDERED.

7          Dated this 22nd day of July, 2021.

8

9          _____

10                   Thomas S. Zilly
                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 6